IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JONAH MICHAEL MARKER,

                                        OPINION AND ORDER

            Plaintiff,

                                            17-cv-460-bbc

    v.

JOHN DOE 1, JOHN DOE 2
and JOHN DOE 3,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff and prisoner John Michael Marker has submitted a complaint about an incident that occurred in April 2017 at the Stanley Correctional Institution, where plaintiff was incarcerated. (Plaintiff is now at the Columbia Correctional Institution.) Plaintiff has submitted an initial partial payment of the filing fee as required by 28 U.S.C. § 1915(b)(1), so his complaint is ready for screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.

      Plaintiff alleges that he found three staples in food that was served to him at the Stanley prison. He did not discover the staples until he bit down on one of them, causing both bleeding and "severe pain." After this incident, plaintiff became afraid that an employee at the prison "was trying to hurt or kill" him, so he switched to a "liquid and fresh fruit diet" until he was transferred to a different prison at the end of the month.

      Plaintiff does not summarize his claims, but I understand him to be suing the

1

individual or individuals responsible for placing staples in his food. (Although plaintiff lists three John Does in the caption of his complaint, he does not provide any basis for inferring that three people were involved.) He does not identify a legal theory in his complaint, but he checked the box on the complaint form stating that he is suing under federal law.

The only potential claim under federal law of which I am aware would arise under the Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment. In applying that general standard, the Supreme Court has held that prison officials may violate the Eighth Amendment if they knowingly subject a prisoner to a substantial risk of serious harm or if they harm a prisoner with malicious intent. Farmer v. Brennan, 511 U.S. 825, 829 (1994); Hudson v. McMillan, 503 U.S. 1, 6 (1992). Thus, a plaintiff cannot prevail on an Eighth Amendment claim unless he shows that a defendant intended to harm him or knew of a strong likelihood that harm would occur.

Plaintiff does not state a claim under either standard. Plaintiff admits in his complaint that he has no basis for believing that any employee at the prison was trying to harm him or knew that harm was likely. He does not identify any employees who had threatened him or even had a reason to harm him and he does not identify any other suspicious incidents that occurred at any time while he was incarcerated at the Stanley prison, either before or after he found staples in his food. In fact, plaintiff does not allege *any* facts supporting a view that anyone, let alone a prison employee, placed the staples in his food intentionally.

Plaintiff seems to want the court to infer that a prison staff member was trying to

2

hurt him from the mere fact that staples appeared in his food.  However, even at the pleading stage, a plaintiff must include enough facts to raise his claim above the level of speculation.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  There are many explanations for the staples that have nothing to do an intent to harm.  Olson v. Bemis Co., 800 F.3d 296, 304 (7th Cir. 2015) ("An allegation that gives rise to an obvious alternative explanation is not plausible.") (internal quotations omitted).  Moreover, it may well be that the staples appeared in his food because of the actions of the food manufacturer or distributor rather than a prison employee.

Of course, staples do not belong in food and, for that reason, it might be reasonable to infer at the pleading stage that prison staff acted *negligently* in failing to properly screen plaintiff's food before serving him.  However, negligence is a state law claim and a federal court's authority to consider a state law claim is limited.  Under 28 U.S.C. § 1332, a federal court can exercise jurisdiction over a state law claim when the plaintiff and defendants are citizens of different states and there is more than $75,000 at stake.  In this case, it appears that all parties are citizens of Wisconsin, so I cannot exercise jurisdiction under § 1332.  If plaintiff wishes to sue prison officials for negligence, he will have to do so in state court.

ORDER

IT IS ORDERED that

1.  Plaintiff Jonah Michael Marker's Eighth Amendment claim is DISMISSED for plaintiff's failure to state a claim upon which relief may be granted.

2. In accordance with 28 U.S.C. § 1367(c)(3), I decline to exercise supplemental jurisdiction over plaintiff's state law claim.

3. The clerk of court is directed to enter judgment accordingly.

4. Because I am dismissing plaintiff's state law claim for lack of jurisdiction rather than for failure to state a claim upon which relief may be granted, I have not dismissed the "action" for one of the reasons listed in 28 U.S.C. § 1915(g), so I will not record a "strike" against plaintiff.

Entered this 26th day of July, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge